ALMIRA A. FOSTER *vs.* GEORGE M. WOODWARD,
administrator.

Bristol.   Oct. 28, 1885. — Feb. 25, 1886.   FIELD & C. ALLEN, JJ., absent.

In 1869, A. bought of B. a parcel of land which was subject to a mortgage made
by B. to a bank to secure his promissory note.  The deed from B. to A. excepted
the mortgage from the covenant against incumbrances, and contained these
words: "which mortgage the aforesaid A. assumes and is to pay and save me
harmless for the same, that being a part of the aforesaid consideration."  In
1871, A., by a quitclaim deed, conveyed the land to C., covenanting that it was
free from incumbrances made or suffered by him, and containing a covenant
of warranty against the claims of all persons claiming under him.  This deed
was delivered in 1871, but was not recorded until 1880.  In 1873, A. gave a
mortgage on the land to the above-named bank, which had no notice of his deed
to C., to secure his own note for an amount similar to that of B.'s note to the
bank, which was then paid and his mortgage discharged.  The note of A., who
died in 1880, was unpaid, and the mortgage undischarged, when C. presented to
commissioners appointed by the Probate Court on the insolvent estate of A. a
claim for an alleged breach of covenant, which was disallowed; and C. ap-
pealed to this court.  Pending the appeal, the land was sold under a power in
the mortgage for less than sufficient to pay the note.  *Held*, that the claim of
C. was rightly disallowed.

W. ALLEN, J.   This is an appeal from the decision of com-
missioners appointed by the Probate Court on the insolvent
estate of John Seekel, deceased, disallowing the claim of the
plaintiff, and is submitted on agreed facts.

In 1869, Seekel bought of one Presbrey a piece of land which
was subject to a mortgage made by Presbrey to the Bristol
County Savings Bank to secure his promissory note for $2500.
The deed from Presbrey to Seekel excepted the mortgage from
the covenant against incumbrances, and contained these words:
" which mortgage the aforesaid Seekel assumes and is to pay and
save me harmless for the same, that being a part of the aforesaid
consideration."   On May 6, 1871, Seekel, by deed of that date,
remised, released, and quitclaimed the land to the plaintiff, cov-
enanting that the premises were free from incumbrances made
or suffered by him, and that he, his heirs, &c., would warrant
the same against the lawful claims and demands of all per-
sons claiming by, through, or under him.   This deed, though
delivered in 1871, was not recorded until 1880.   The mortgage
of Presbrey was unpaid and undischarged until 1873, when

Seekel gave a mortgage on the land to the Bristol County Savings Bank, which had no notice of his deed to the plaintiff, to secure his own note for $2500, and the note of Presbrey was then paid and his mortgage discharged. Seekel's note was wholly unpaid, and the mortgage was undischarged, when this appeal was taken. Pending the appeal, the land has been sold under the power in the mortgage for less than sufficient to pay the note.

The mortgage given by Seekel in 1873 could not be a breach of the covenant against incumbrances in his deed of 1871. That covenant was against incumbrances existing when it was made, and must have been broken then, if at all. The agreement of Seekel to pay the Presbrey mortgage was with Presbrey alone, and did not make it a mortgage " made or suffered " by him, within the meaning of his covenant with the plaintiff.

Giving the mortgage to the Bristol County Savings Bank by Seekel was not a breach of the covenant of warranty in his deed to the plaintiff. It did not constitute an eviction. Whether the entry and sale by the mortgagee worked a breach of that covenant is a question which cannot arise on this appeal. There had been no breach of that covenant when the appeal was brought; and we cannot consider a cause of action, if any there be, which has arisen since.

It is not necessary to consider whether an action of tort would lie upon the facts stated. If there was any such cause of action, it must have arisen when the mortgage was given, on July 25, 1873. Seekel died on January 25, 1880 ; and the statute of limitations, set up in the answer, in substance, is a defence.

*Decision of commissioners affirmed.*

*J. Brown,* for the appellant.
*G. E. Williams,* for the appellee.